Charles S. Price (6197)
Charles.Price@mwmf.com
Tricia Schafer (18748)
Tricia.Schafer@mwmf.com
MARISCAL, WEEKS, MCINTYRE &
FRIEDLANDER, P.A.
2901 North Central Avenue
Suite 200
Phoenix, AZ  85012
Telephone:  (602) 285-5000
Facsimile:   (602) 285-5100

T. Christopher Tuck (pending admission *pro hac vice*)
ctuck@rpwb.com
RICHARDSON, PATRICK WESTBROOK
& BRICKMAN, L.L.C.
P.O. Box 1007
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, SC 29464
Telephone:  (843) 727-6500
Facsimile:   (843) 216-6509

*Attorneys for Plaintiff and the Class*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| KAREN M. STRATTON, on behalf of herself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) **COMPLAINT** |
| American Medical Security, Inc., n/k/a American Medical Security Life Insurance Company; United Wisconsin Life Insurance Company, n/k/a American Medical Security | ) ) ) ) ) ) **JURY TRIAL DEMANDED** |

| | |
|---|---|
| **Life Insurance Company; American** | ) |
| **Medical Security Group, Inc.; and** | ) |
| **Taxpayers Network, Inc.,** | ) |
| **d/b/a The Taxpayers Network,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

      **COMES NOW THE PLAINTIFF**, Karen M. Stratton, on behalf of herself and the class of all those similarly situated (hereafter referred to as "Plaintiff" or collectively as the "class"), and for her causes of action against Defendants, states as follows:

## NATURE OF THE CASE

    1.    This is a class action proceeding brought on behalf of all residents of the State of Arizona who purchased a MedOne health insurance policy underwritten by United Wisconsin Life Insurance Company ("United Wisconsin"), administered by American Medical Security, Inc. and American Medical Security Group, Inc. (collectively "AMS"), and marketed by Taxpayers Network, Inc., now doing business as The Taxpayers Network ("Taxpayers"). American Medical Security, Inc. and United Wisconsin have merged to form American Medical Security Life Insurance Company. All of the entities identified in this paragraph may be collectively referred to as "Defendants."

    2.    Plaintiff is a purchaser of MedOne health insurance. Defendants sold the MedOne health insurance to Plaintiff as a purported group policy and, accordingly, future premium increases were to be spread equally over all group policyholders at the same

2

rate. Plaintiff was not, however, provided with group insurance, and premium renewals were calculated based upon individual underwriting criteria.

3. Plaintiff was also required to pay membership fees to Taxpayers for the MedOne coverage. Plaintiff alleges that Defendants have engaged in a fraudulent course of conduct by failing to disclose to the class that portions of Taxpayers' membership fees were to be remitted to AMS and United Wisconsin, essentially constituting a kickback to AMS and United Wisconsin. By failing to disclose this kickback to purchasers of its membership products, Taxpayers artificially inflated the actual cost of its services for the pecuniary benefit of AMS and United Wisconsin.

4. Due to Defendants' practices, Plaintiff suffered an extraordinary increase in premium costs. Plaintiff also paid portions of membership fees to Taxpayers that were not related to the promoted services. Plaintiff asserts that these events are common to all class members and have cost Arizona residents more than five million dollars in undisclosed and misappropriated expenditures.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction under 28 U.S.C. § 1332, which provides for federal jurisdiction in class actions with minimal diversity when damages exceed five million dollars, exclusive of interest and costs. The Court has supplemental subject matter jurisdiction over the pendent state law claims, pursuant to 28 U.S.C. § 1367.

6. Plaintiff resides in this district, and Plaintiff made payments on her policies while residing in the district. Venue is thus appropriate within the contemplation of 28 U.S.C. § 1391.

## PARTIES

7. Plaintiff, Karen M. Stratton, is currently residing in Sun City West, Arizona.

8. Defendant American Medical Security, Inc. is a Wisconsin corporation with corporate headquarters at 3100 AMS Boulevard, Green Bay, Wisconsin 54313, and is a wholly owned subsidiary of American Medical Security Group, Inc. Due to its merger, American Medical Security, Inc. is now known as American Medical Security Life Insurance Company.

9. Defendant United Wisconsin is a Wisconsin corporation with corporate headquarters at 3100 AMS Boulevard, Green Bay, Wisconsin 54313. Due to its merger, United Wisconsin is now known as American Medical Security Life Insurance Company.

10. Defendant American Medical Security Group, Inc. is a Wisconsin corporation with corporate headquarters at 3100 AMS Boulevard, Green Bay, Wisconsin 54313.

11. Defendant Taxpayers is a non-profit Ohio corporation with principal places of business located at 721 Cardinal Lane, Suite 105, Green Bay, Wisconsin 54313 and 4719 Reed Road, Suite 500, Columbus, Ohio 43220. Taxpayers currently does business as The Taxpayers Network.

12.     Wherever this Complaint alleges that Defendants did any act or thing, it is meant that Defendants, and the directors of said entities, or their subsidiaries, affiliates, directors, officers, agents, or employees who participated or performed such thing, were authorized to and did in fact act on behalf of Defendants. All allegations are made upon information and belief.

## CLASS ALLEGATIONS

13.     Plaintiff brings this class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) on behalf of herself and all Arizona residents defined as the following:

> All persons residing in Arizona who paid for tier rated MedOne health insurance from Defendants. Excluded from the class are (a) Defendants and all directors, officers, agents, and employees of Defendants; (b) judges and judicial personnel; and (c) in the event that the Court allows opt outs, any person who timely opts out of this proceeding.

14.     The members of the class are so numerous that joinder of all members is impracticable. Defendants provided health insurance polices and memberships to Arizona insureds over a period that extends from the 1990's through the present, and thus covers thousands of Arizona residents. Class membership is ascertainable as the names and addresses of all class members can be identified in business records maintained by the Defendants.

15.     There are questions of law and fact common to the class. Such common questions include, *inter alia*:

5

    A.    Whether Defendants commonly utilized a tier rating methodology for the MedOne policies after promoting and selling the coverage as group policies;

    B.    Whether Defendants misrepresented in their advertisements and other materials that Defendants would extend group insurance to the class; and

    C.    Whether Defendants utilized a common kickback charge on membership fees collected by Taxpayers.

16.    The named Plaintiff and the putative class have tangible and legally protectable interests at stake in this action.

17.    The claims of the named class representative and the absent class members have a common origin and share a common basis. The claims of all class members originate from the same illegal practices of the Defendants.

18.    The named class representative states a claim that is typical of the claims of absent class members. The proposed class representative has been a victim of the illegal practices described herein.

19.    Injunctive relief is appropriate for the class as a whole, making certification appropriate under Rule 23(b)(2).

20.    Questions of law and fact applicable to the class predominate over individual questions, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Therefore, certification is appropriate under Rule 23(b)(3).

21.    Failure to permit this action to proceed under Rule 23 would be contrary to the public policy which encourages economies of attorney and litigant time and

resources. In addition, public policy favors class actions for the purposes of, *inter alia*, deterring wrongful conduct and providing judicial relief for individually small but commonly-based claims.

22.     The named Plaintiff is willing and prepared to serve the Court and the proposed class in a representative capacity with all of the obligations and duties attendant thereto.

23.     The self-interests of the named class representative are coextensive with, and not antagonistic to, those interests of the absent class members. The proposed representative will undertake to protect the interests of the absent class members.

24.     The named Plaintiff has engaged the services of counsel indicated below. Counsel are experienced in complex class litigation and will adequately prosecute this action for the class.

## **FACTUAL ALLEGATIONS COMMON TO ALL DEFENDANTS**

25.     Plaintiff and class members purchased group health insurance from AMS that was underwritten by United Wisconsin, administered by AMS, and marketed by Taxpayers. The purpose of group health insurance is to spread and share risk among a group of insureds. This process allows the sharing of risk such that, if the insurer decides to raise premiums, it must do so for the entire group and not single out an individual based on his or her health status or claims history.

26.     Defendants' MedOne health insurance was not actually group insurance. Defendants tier rated the policies such that Plaintiff could experience a massive increase

in premiums, contrary to the purpose of group insurance, if claims were made on the policy.

27. Moreover, Plaintiff and the class, as purchasers of the MedOne policies, are required to purchase a membership with Taxpayers. Membership fees are assessed on a monthly basis. Taxpayers represents to purchasers that in return for their payments, purchasers will receive discounts or other benefits. The membership fees charged by Taxpayers are not related to the purported services that Taxpayers provides to the purchasers. AMS collects the fees from the customers, and then keeps a percentage of those payments while remitting the difference to the remaining Defendants. These kickbacks are made to AMS and United Wisconsin without the knowledge of the membership purchasers, and the kickbacks are not related to the services provided by Taxpayers to the class. At no point in time has Taxpayers disclosed to membership purchasers that a portion of their membership monies was not paid for services provided by Taxpayers, but rather was passed along as added remuneration to AMS and United Wisconsin.

28. One of the methods through which Defendants carried out the illegal conduct was through the exchange of employees. For example, Timothy J. Moore served as a member of the Board of Directors and also a corporate secretary for Taxpayers, and provided additional service as general counsel for AMS. Timothy Day, an AMS finance department employee from 1988 to 1998, started service as a Taxpayers board member in early 2000. Meetings of the Board of Trustees of Taxpayers were even held at AMS headquarters.

29. Two particular individuals, Sam Miller and Penny Paque, held leadership positions with United Wisconsin Life Insurance Company, American Medical Security, Inc. and American Medical Security Group, Inc. At two of those companies, American Medical Security, Inc. and American Medical Security Group, Inc., Miller and Paque held the positions of President-CEO and Vice President-CIO, respectively. At United Wisconsin, Miller and Paque held the positions of President-COO and Chief Information Officer, respectively. These three corporate entities operated out of the same corporate address in Green Bay, Wisconsin.

## FRAUDULENT CONCEALMENT AND TOLLING

30. The applicable statutes of limitation are tolled by virtue of Defendants' knowing and active concealment of the facts alleged above. The class representative and class members were ignorant of the information essential to the pursuit of these claims, without any fault or lack of diligence on their own part.

31. Defendants are and were under a continuing duty to disclose the true character, quality, and nature of their product to the class representative and the class. Defendants are therefore estopped to rely on any statute of limitations defense because of their concealment of the true character, quality, and nature of the MedOne policies and membership fees.

32. Defendants' fraudulent concealment is common to the class.

9

## CLAIMS FOR RELIEF

A.  **First Claim for Relief (Unjust Enrichment)**

33.  Plaintiff incorporates by reference all preceding allegations as if fully set forth herein.

34.  Plaintiff and the class conferred benefits upon the Defendants by paying for purported group insurance and membership benefits. Although Defendants received earnings and benefits from the sale of their MedOne insurance product and related memberships, Defendants retained these revenues under conditions that would constitute an unjust retainment of those revenues.

35.  As a direct and proximate result of Defendants' breach, Plaintiff and the class are entitled to restitution on the full amount by which the Defendants have been unjustly enriched and should be required to disgorge same to Plaintiff and the class.

B.  **Second Claim for Relief (Breach of Contract)**

36.  Plaintiff incorporates by reference all preceding allegations as if fully set forth herein.

37.  By contract, Defendants agreed to provide group insurance to Plaintiff and members of the class and, additionally, to apply Taxpayers' membership monies toward benefits advertised by Defendants.

38.  Defendants breached contracts with Plaintiff and members of the class by failing to provide group insurance and by improperly applying portions of membership monies as added remuneration to United Wisconsin and AMS.

39.     As a direct and proximate result of Defendants' breach, Plaintiff and the class are entitled to all damages arising from the breach of contract.

### C.     Third Claim for Relief (Breach of Fiduciary Duty)

40.     Plaintiff incorporates by reference all preceding allegations as if fully set forth herein.

41.     Defendants occupy a position of trust, confidence, and superior knowledge in relation to Plaintiff and members of the class and, therefore, owe Plaintiff and the class a fiduciary duty.

42.     The Defendants breached their fiduciary duties by misrepresenting the form of insurance coverage provided to Plaintiff and the class.

43.     As a direct and proximate result of Defendants' breach, Plaintiff and the class are entitled to damages.

### D.     Fourth Claim for Relief (Breach of Implied Covenant of Good Faith and Fair Dealing)

44.     Plaintiff incorporates by reference all preceding allegations as if fully set forth herein.

45.     Arizona law implies a covenant of good faith and fair dealing in every contract.

46.     Defendants breached the implied covenant of good faith and fair dealing by, among other things, failing to provide group insurance and by improperly applying portions of membership monies as added remuneration to United Wisconsin and AMS.

Such actions were inconsistent with the justified expectations of Plaintiff and the members of the class.

E. **Fifth Claim for Relief (Violation of Consumer Fraud Act)**

47. Plaintiff incorporates by reference all preceding allegations as if fully set forth herein.

48. Defendants' acts and omissions constitute misrepresentations and concealments in connection with the sale or advertisement of merchandise, as defined by the Arizona Consumer Fraud Act, A.R.S. § 44-1521, *et seq*.

49. As a direct and proximate result of Defendants' misrepresentations and concealments, Plaintiff and the class have suffered damages.

F. **Sixth Claim for Relief (Violation of A.R.S. § 20-443)**

50. Plaintiff incorporates by reference all preceding allegations as if fully set forth herein.

51. Defendants' acts and omissions constitute misrepresentations of the terms of the insurance coverage provided to Plaintiff and the class, in violation of Arizona's insurance fraud statute, A.R.S. § 20-443.

52. As a direct and proximate result of Defendants' misrepresentations, Plaintiff and the class have suffered damages.

## PUNITIVE DAMAGES

53. Defendants have acted in a manner that is aggravated and outrageous, with an evil mind toward Plaintiff and the class. Punitive damages are thus appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays that the Court enter judgment against Defendants and in favor of the Plaintiff and the class and order the following relief:

1. Certification of the proposed class under Federal Rule of Civil Procedure 23(b)(2) or (b)(3);

2. Naming Karen M. Stratton as class representative;

3. Naming the undersigned firms and their attorneys as class counsel; and

4. Finding that Defendants' conduct created an unjust enrichment;

5. Finding that Defendants breached their contracts with Plaintiff and the class;

6. Finding that Defendants breached their fiduciary duties to Plaintiff and the class;

7. Finding that Defendants violated the Arizona Consumer Fraud Act;

8. Finding that Defendants violated Arizona's insurance fraud statute;

9. An award of compensatory damages;

10. An award of attorneys' fees pursuant to A.R.S. § 12-341.01 and costs pursuant to A.R.S. § 12-341;

11. Disgorgement of the amounts by which the Defendants have been unjustly enriched;

12. Punitive damages in an amount to punish and deter the Defendants' conduct; and

13. Such other and further judiciary determinations or relief as may be appropriate in this proceeding.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands trial by jury of all issues so triable under the law.

DATED this 2nd day of August, 2007.

>s/ Tricia Schafer
>Charles S. Price
>Tricia Schafer
>MARISCAL, WEEKS, MCINTYRE &
>FRIEDLANDER, P.A.
>2901 North Central Avenue
>Suite 200
>Phoenix, AZ 85012
>Telephone: (602) 285-5000
>Facsimile: (602) 285-5100
>
>T. Christopher Tuck
>(pending admission *pro hac vice*)
>RICHARDSON, PATRICK WESTBROOK
>& BRICKMAN, L.L.C.
>P.O. Box 1007
>1037 Chuck Dawley Blvd., Bldg. A
>Mt. Pleasant, SC 29464
>Telephone: (843) 727-6500
>Facsimile: (843) 216-6509
>
>*Attorneys for Plaintiff and the Class*