**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karen M. Stratton,            )<br>                                        )<br>            Plaintiff,           )<br>                                        )<br>v.                                    )<br>                                        )<br>American Medical Security, Inc., et al.,  )<br>                                        )<br>            Defendants.        )<br>                                        )<br>_____ ) | No. CV-07-1491-PHX-SMM<br><br>**ORDER** |

Before the Court is the parties' Stipulation for Entry of Protective Order (Dkt. 51). The Court will adopt the proposed Protective Order, modified to reflect the Court's policy of resolving discovery disputes telephonically.

Accordingly,

**IT IS HEREBY ORDERED** as follows:

1.     Any information recorded in any form or any portion thereof, including any form of evidence or discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure which, in the good faith opinion of the party or third party providing such information or discovery or to which that information belongs (the "producing party"), and which a party or third party regards in good faith as Protected Information may be so designated by the producing party.

//

2. As used in this Order, the following terms include:

(a) The term "CONFIDENTIAL" as used in this order is to include all Protected Information that the designating party believes constitutes or discloses or relates to business, commercial, processes, operations, research, technical or developmental information, production, marketing, sales, actuarial, financial, contracts, or other proprietary data or information of commercial value.

(b) The term "CONFIDENTIAL - ATTORNEYS ONLY" as used in this order is to include only Protected Information which the designating party believes constitutes or contains highly sensitive financial information, business plans, trade secrets, non-public technical information including actuarial information and methodologies, ongoing research and development projects, or other information which will harm its competitive position if it becomes known to a party other than the disclosing party. The term "CONFIDENTIAL - ATTORNEYS ONLY" as used in this order also includes any document or information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber. Further, the term "CONFIDENTIAL - ATTORNEYS ONLY" specifically includes "protected health information" as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 CFR parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996. See 45 C.F.R. §§ 164.01 ("protected health information" and 160.103 ("individually identifiable health information").

3. All Protected Information may be designated by the party producing the Protected Information as "CONFIDENTIAL - (PRODUCING PARTY'S NAME)" or "CONFIDENTIAL - (PRODUCING PARTY'S NAME) - ATTORNEYS ONLY."

4. Any Protected Information and all information derived therefrom

1  (excluding such information as is derived lawfully from an independent source or is
2  publicly available) shall not be disclosed to anyone except as provided herein, shall be
3  used only for the purposes of this litigation, and shall not be used for any business,
4  financial or other purpose whatsoever.  Nothing contained herein shall limit or prevent
5  disclosure or use of any item of Protected Information by the party who designated the
6  item Protected.

7       5.      In lieu of marking as Protected the original of a document which contains
8  Protected Information prior to inspection, counsel for the producing party may orally
9  designate such documents being produced for inspection as containing Protected
10 Information, thereby making them subject to this Order; however, in the event inspecting
11 counsel requests copies of any such documents, such copies must be marked Protected by
12 the producing party in order to make such copies subject to this order.

13      6.      Protected Information designated as CONFIDENTIAL shall not be given,
14 shown, made available or communicated in any way to any person or entity other than the
15 following:

16          (a)      Lawyers for Plaintiff:
17                Mariscal, Weeks, McIntyre & Friedlander, P.A.
18                Richardson, Patrick Westbrook & Brickman, L.L.C.
19               (i)      Staff and supporting personnel of outside counsel who are
20 working directly on this litigation under the supervision of such outside counsel and to
21 whom it is necessary that Protected Information be disclosed for purposes of this
22 litigation, including outside vendors or independent contractors retained by outside
23 counsel to assist in this litigation;
24          (b)      Lawyers for Defendants:
25                Cooley Godward Kronish LLP
26                Jennings, Strouss & Salmon, PLC
27               (i)      Staff and supporting personnel of outside counsel who are
28

1  working directly on this litigation under the supervision of such outside counsel and to
2  whom it is necessary that Protected Information be disclosed for purposes of this
3  litigation, including outside vendors or independent contractors retained by outside
4  counsel to assist in this litigation;

5     (c) in-house counsel for Defendants and Officers, directors and
6  employees of Defendant

7     (d) The Court and Court personnel, stenographic reporters and
8  videographers at depositions taken in this action, and any jury empanelled in this action;

9     (e) Plaintiff

10    (f) Independent experts or consultants who are not regularly employed
11 by or associated with a party hereto and whose advice is or will be used by a party hereto
12 in connection with preparation for trial or trial of this action, as well as any employees,
13 associates or independent contractors retained by those experts to assist in their work on
14 this matter.  Counsel desiring to disclose Protected Information to such experts or
15 consultants shall first obtain a signed undertaking, in the form of Exhibit A attached
16 hereto, from each such expert or consultant.  Proposing counsel shall also provide
17 opposing counsel with information regarding the identities of the proposed experts or
18 consultants, including their names, addresses and job titles, the name and addressees of
19 their employers and a current curriculum vitae including a list of all persons or entities for
20 whom such persons consulted during the prior 5 years and all employment for the
21 previous 10 years; and such Protected Information will not be disclosed to any such
22 expert or consultant for a period of 14 days after service of the signed undertaking upon
23 opposing counsel and compliance with the provisions of Paragraph 14.

24    (g) Any person that originally authored or received the document, or
25 demonstrably gained knowledge of the Protected Information it contains in the regular
26 and ordinary course of business.

27    (h) Any other person who is designated as a Qualified Person by order
28 of this Court, after notice to all parties;

1      7.     Protected Information designated as CONFIDENTIAL - ATTORNEYS ONLY shall not be given, shown, made available or communicated in any way to any person or entity other than those persons described in paragraphs 6(a), 6(b), 6(c), 6(d), 6(f), 6(g), and 6(h).

      8.     In the event that counsel for a party deems it necessary to disclose any Protected Information to any person not a Qualified Person, said counsel shall notify counsel for the producing party in writing of the Protected Information to be disclosed, and shall attempt to reach agreement regarding such disclosure.  If agreement cannot be reached, the party seeking to make the disclosure shall contact the Court and arrange for a telephonic conference to address whether such disclosure may be made and whether any restrictions or limitations should be placed on such disclosure, and the disclosure shall not be made until that conference is held and the Court so orders.

      9.     Prior to being provided access to any Protected Information, all non-party witnesses must execute the Non-Disclosure Agreement attached hereto as Exhibit "A" or orally agree to its contents on the record during deposition or trial.

      10.    Nothing in this order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this litigation and in the course thereof, referring to or relying upon his or her examination of Protected Information; provided, however, that in rendering such advice and in otherwise communicating with his or her clients, the attorney shall not disclose the content or the source of any Protected Information.

      11.    Third party discovery in this proceeding may involve disclosure of Protected Information, which if designated in conformity with the provisions of this Order, shall be subject to the provisions herein and provide the non-party with all of the rights and obligations set forth herein.  In order to expedite third party discovery, a copy of this Order and a letter generally informing the third party of its right to invoke the protections set out herein shall be served with all such discovery.  Furthermore, discovery in this proceeding of a non-party may involve receipt of information, documents, things

or testimony that include or contain Protected Information of a party. All discovery of non-parties, therefore, shall be treated by the parties as if it had been designated Protected for a period of 21 days from the production of such information, documents or things or the transcript of such testimony. During such 21-day period, or longer time period to which the parties may agree, each party may designate some or all of the information, documents, things or testimony provided by the non party as Protected Information of the designating party.

12. All documents shall be deemed temporarily subject to this Order as if marked "CONFIDENTIAL" for ten (10) business days from delivery to permit the disclosing party or nonparty to correct any inadequate failure to so mark delivered documents. In the event that a producing party inadvertently fails to designate Protected Information or incorrectly so designates information, or in the event that any other person or party upon learning of the disclosure of information it deems to be Protected Information, that party may make a late designation or change the designation by so notifying in writing all parties to whom the Protected Information has been disclosed. The receiving parties shall take reasonable steps to ensure that the Protected Information is thereafter treated in accordance with the designation. Late designation shall not, by itself, be deemed a waiver of the Protected status of the designated information. No person or party shall incur any liability hereunder with respect to disclosure that occurred prior to the receipt of written notice of belated designation.

13. A party that proposes to submit Protected Information to independent experts or consultants or other individuals identified in paragraph 6(f) shall notify the party who designated the information Protected in writing of its intent to disclose. The proposing party shall designate in such notice the specific Protected Information proposed to be disclosed. In the absence of such specific designation, the notice will be construed as referring to all of the Protected Information of the producing party subject to this Order. In the event a specific designation is made, only so much of the producing party's Protected Information as is specifically designated shall be disclosed to the intended

1  recipient, unless and until such time as a further notice is given to the producing party in
2  the manner set forth in this paragraph, specifying any additional Protected Information to
3  be disclosed.

4      14.    If an opposing party objects to the submission of Protected Information to
5  independent experts or consultants or other individuals identified in paragraph 6(f), it
6  shall notify the proposing party in writing within the 14-day period referred to in
7  paragraph 6(f) of its objection and the grounds therefore.  If no such objection is made in
8  such time and manner, the proposing party may disclose Protected Information to such
9  person subject to the subsequent provisions in this paragraph.

10      (a)    If an objection is properly made and the dispute is not resolved on an
11  informal basis between the proposing and objecting party, the proposing party shall
12  contact the Court to arrange a telephonic conference and ruling.  In the event of such
13  objection, the proposing party shall withhold disclosure of Protected Information to the
14  objected individuals pending the ruling of the Court or written agreement between the
15  parties to the dispute.

16      15.    The attorneys of record shall maintain a file of all written agreements
17  signed by persons to whom they have given materials designated as Protected
18  Information.  Said file shall be made available upon request for inspection and copying by
19  any attorney of record and shall be turned over to the opposing party within sixty (60)
20  days of the end of the contested proceedings.

21      16.    Counsel shall not disclose Protected Information to a witness testifying at a
22  deposition except in strict conformity with the provisions of this Order.  No such
23  disclosure shall be made to any witness unless that witness is entitled by this Order to
24  receive that Protected Information or the party that produced that Protected Information
25  assents to the disclosure of such Protected Information in writing or on the record of the
26  deposition and the witness signs the undertaking attached hereto as Exhibit A.   If, during
27  the course of any deposition, (a) an attorney of record for any party desires to make
28  inquiry into Protected Information subject to the designation CONFIDENTIAL or

1  CONFIDENTIAL - ATTORNEYS ONLY, or (b) an attorney of record for a party asserts
2  that an answer to a specific inquiry is subject to the foregoing designations, the attorney
3  shall make such inquiry only in the presence of those persons authorized access to such
4  Protected Information.  Such testimony shall be sealed, and the parties hereto shall treat it
5  subject to the provision for disclosure set forth herein.

6        17.  Testimony or information disclosed at a deposition may be designated by
7  the producing party as Protected Information by indicating on the record at the deposition
8  the specific testimony which contains Protected Information that is to be made subject to
9  the provisions of this Order.  All testimony elicited during depositions, hearings, and
10 other proceedings shall be deemed CONFIDENTIAL - ATTORNEYS ONLY until the
11 expiration of 14 days after delivery of a copy of the transcript of the testimony by the
12 court reporter to counsel who requested a copy of the transcript.  This paragraph will not
13 otherwise affect the deposition, hearing or other proceeding that is being recorded while it
14 is in session. Within the 14-day period following delivery of the transcript, any party
15 may, by written notice served on all parties, designate all or any portion of the testimony
16 to be CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY.  The right to make
17 such designation shall be waived unless made before the end of the 14-day period.  Upon
18 being informed that certain portions of a transcript are designated as CONFIDENTIAL or
19 CONFIDENTIAL - ATTORNEYS ONLY, each party must cause each copy in their
20 custody, possession or control to be so marked immediately.

21       18.  Any court reporter who transcribes testimony in this action at a deposition
22 shall agree, before transcribing any such testimony, that all Protected Information is and
23 shall remain confidential and shall not be disclosed except as provided under this Order
24 and that copies of any transcript, reporter's notes or any other transcription records of any
25 such testimony shall be retained in absolute confidentiality and safekeeping by such
26 reporter or shall be delivered to an attorney of record or filed with the Court.

27       19.  Interrogatory answers and answers to requests for admissions designated as
28 Protected Information shall be delivered to the attorney of record propounding the

1 interrogatories or requests without being filed with the Court unless required in any
2 further proceedings herein.  When documents so designated and/or other matters of the
3 same or similar nature are the subject of inquiry at depositions, the portion of the
4 transcript which sets forth or contains Protected Information, together with such
5 documents, shall be sealed and shall not be filed with the Court unless required in any
6 further proceedings herein.

7      20.    No Protected Information will be filed with the Court by the receiving party
8 unless it is filed under seal pursuant to the provisions of Federal Rule of Civil Procedure
9 5.2.  Nothing shall be filed under seal without separate, prior order by the Judge before
10 whom the hearing or proceeding will take place after application by the party desiring to
11 file Protected Information with appropriate notice to opposing counsel.  The parties may
12 also stipulate to file Protected Information and submit same as a proposed order to the
13 Judge before whom the hearing or proceeding shall take place.  Upon obtaining such an
14 order, the party desiring to file Protected Information shall comply with the following
15 requirements:  Protected Information must be filed in sealed containers labeled with:  (1)
16 the title to this action; (2) the general nature of the contents; (3) the words
17 CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY; and (4) a statement
18 substantially in the following form:

> CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.  This sealed container filed in this case, Stratton v. American Medical Seucrity, Inc. et al, United States District Court, District of Arizona Case No. CV-07-1491-PHX-SMM, contains confidential materials, which may be used only in connection with the prosecution or defense of this lawsuit.  Pursuant to Stipulated Protective Order, the container shall not be opened nor the contents thereof revealed except to the Court.  After any such opening or revelation, the container shall be resealed with the contents inside.

     21.    Should an attorney of record for any party desire to use Protected Information, or any summary thereof or excerpt therefrom, during the trial of or at any hearing in this action, counsel shall, prior to such use, bring the confidentiality thereof to the attention of the Court and/or the party which designated the Protected Information.

1  Counsel for the producing party may request that any portion of the transcript or exhibit
2  containing such Protected Information be filed under seal with the Court, and be accorded
3  protection as provided by the terms of this Order.  All persons present at the time of such
4  use shall be directed to treat such information as Protected Information, and counsel for
5  the parties shall exercise all reasonable care not to disclose such materials needlessly in
6  the public record of this proceeding nor to persons not entitled under this Order to receive
7  such Protected Information.

8       22.  In the event that counsel for a party deems it necessary to disclose Protected
9  Information in another contested proceeding among any of the parties to this case, such
10 counsel shall notify counsel for the producing party in writing of (i) the Protected
11 Information or documents to be disclosed, and (ii) the forum in which it seeks to disclose
12 it.  The producing party shall have 14 days from receipt of such notice in which to advise
13 the party seeking to disclose such Protected Information whether it objects to such
14 disclosure.  If agreement cannot be reached, the party seeking to disclose such Protected
15 Information may contact the Court for a telephonic conference and ruling as to whether
16 such disclosure may be made and whether any restrictions or limitations should be placed
17 on such disclosure.  The party seeking to disclose shall contact the Court within 14 days
18 of same day service of disclosing party's notice of intent to disclose.

19      23.  The designation by counsel for the disclosing party of any Protected
20 Information is intended solely to facilitate the preparation and trial of this case, and such
21 designation shall not be construed in any way as an admission or agreement by any party
22 that the designated disclosure constitutes or contains any Protected Information in
23 contemplation of law.  This Order shall not be construed as a waiver by the parties hereto
24 of any objection which might be raised as to the admissibility of any evidentiary material.
25 This Order shall be without prejudice to the rights of any person to oppose production of
26 any Protected Information on any proper ground other than its status as a trade secret or
27 confidential business Protected Information.
28

24. Each party agrees that designation of Protected Information and responses to requests to permit further disclosure of Protected Information shall be made in good faith and not (1) to impose burden or delay on an opposing party, or (2) for tactical or other advantage in litigation. Further, each party agrees to make best efforts to avoid as much as possible inclusion of Protected Information in briefs and other captioned documents filed in court, in order to minimize sealing and designating such documents as Protected Information.

25. The protection afforded by this Order shall in no way affect a party's or non-party's right to withhold documents as privileged under the attorney-client or other privilege or as otherwise exempted from discovery under Rule 26.

26. Within sixty (60) days of the final disposition of this action, whether by judgment (including exhaustion of all appeals), settlement or otherwise, each attorney of record shall promptly deliver to the party or witness from whom obtained all items which have been marked CONFIDENTIAL OR CONFIDENTIAL - ATTORNEYS ONLY and all copies made thereof. Each attorney of record and their respective law firms are prohibited from using any CONFIDENTIAL OR CONFIDENTIAL - ATTORNEYS ONLY in any other lawsuit, litigation or pending legal proceeding.

27. Upon the conclusion of this litigation and either (i) the expiration of the time to file a notice of appeal, if no appeal is filed, or (ii) if an appeal was filed, the filing of the mandate or final order from the Court of Appeals if the case is not reopened as a result of the terms of the mandate or order, all Protected Information field under seal with the Court shall be returned to the party that filed it, provided that if the person to whom it is to be returned fails to remove the Protected Information after notice, it shall be destroyed to the extent allowed under the Local Civil Rules of this Court.

28. A party shall not be obligated to challenge the propriety of a Protected Information designation at the time made, and a failure to do so shall not preclude any subsequent challenge. If a party desires to object to the designation of Protected Information, it shall serve its objections in writing and by facsimile transmission (with

original sent by First Class Mail).  If the objections are not resolved on an informal basis between the designating party and the objecting party, the objecting party may submit to the Court for a telephonic conference and ruling of relief entirely or in part from the provisions of this Order.

29. Counsel shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any privileged information.  A producing entity may notify the requesting party that documents or materials that should have been withheld as privileged were inadvertently produced.  Upon receiving such notice, the requesting party shall return all copies thereof unless there is a good faith basis upon which to challenge the invocation of privilege, in which case the receiving party may retain no more than a single copy thereof for the sole purpose of seeking, within a reasonable time and through an in camera review, telephonic conference, or other means designed to preserve the privilege pending a ruling, to have the Court determine whether a privilege properly attaches to the document.  The inadvertent production of any privileged information shall be without prejudice to any claim that such material is privileged, and the producing entity shall not be held to have waived any rights by such inadvertent production.

30. Nothing herein shall prevent disclosure beyond the term of this Order if the party designating the Protected Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.  If a recipient of Protected Information is requested to produce such Protected Information by subpoena, the receiving party shall immediately notify counsel for the producing party by facsimile of such subpoena, and the receiving party shall not disclose any such Protected Information to a third party without providing the producing party a reasonable period of time of no less than 14 days to object to such disclosure.  In any event, if any such Protected Information is disclosed to a third party it can only be disclosed under the terms of a protective order containing substantially similar protections as this Protective Order.

31. In the event anyone shall violate, or threaten to violate, any terms of this Order, the parties hereto agree that the aggrieved party may immediately apply to obtain

1  injunctive relief against any such person, and in the event the aggrieved party shall do so,
2  the respondent person, subject to the provisions of this Order shall not employ as a
3  defense thereto or claim that the aggrieved party possesses an adequate remedy at law.
4  Each person to whom disclosure of any Protected Information is made agrees to subject
5  himself/herself to the jurisdiction of this Court in which this action is pending for the
6  purpose of proceedings relating to the performance under, compliance with, or violation
7  of this Protective Order.

8      32.   In the event this Protective Order is not signed by the Court for any reason,
9  the parties agree that any documents designated CONFIDENTIAL or CONFIDENTIAL -
10 ATTORNEYS ONLY will only be used for purposes of this litigation, or as required by
11 subpoena or otherwise required by law, and will not be disclosed to witnesses, other than
12 those identified in 6 and 7 above who likewise agree that the documents will only be
13 used as outlined in those paragraphs.

14     33.   This Protective Order shall remain in force and effect indefinitely until
15 modified; superseded or terminated by Order of this Court, which may be entered
16 pursuant to agreement of the parties hereto.  This order shall continue in effect after
17 termination of this action and continue to be binding upon all persons to whom "Protected
18 Information" is disclosed hereunder.

19     34.   The parties may provide by stipulation for exceptions to this Order, and any
20 party may seek an Order of this Court modifying this Protective Order.  This Order is
21 without prejudice to the right of either party to seek relief from the Court, upon good
22 cause shown, from any of the restrictions provided herein or to impose additional
23 restrictions on the disclosure of any Protected Information or material produced.

24     DATED this 23rd day of July, 2008.

_____
Stephen M. McNamee
United States District Judge

**Exhibit A**

**Acknowledgment of Protective Order**

I certify that I have received a copy of the Stipulated Protective Order Regarding Protected Information dated July 22, 2008 ("Order").

I further certify that I have read and fully understand the contents of this Order.

I understand and agree to comply with the standards and procedures which are set forth in the order. I understand that compliance with these standards and procedures is a condition of receipt of protected information and that a failure to comply may constitute contempt of the court and/or a violation of applicable laws.

_____

NAME

_____

SIGNATURE

_____

DATE SIGNED